IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:05CV271-02-MU

| | |
|---|---|
| MARK D. HUGHES,        )<br>    Petitioner,        )<br>                             )<br>       v.        )<br>                             )<br>ROY COOPER, N.C. Atty. Gen., )<br>    Respondent.        )<br>_____) | <u>O R D E R</u> |

**THIS MATTER** is before this Court upon the petitioner's Petition for a Writ of <u>Habeas Corpus</u> under 28 U.S.C. §2254, and on his Request to Proceed In Forma Pauperis, both filed August 8, 2005.

According to the Petition, in June 2000, the petitioner pled guilty to Second Degree Murder. Accordingly, on June 5, 2000, the Superior Court of McDowell County conducted a Sentencing Hearing, at which time that Court sentenced the petitioner to 189 to 236 months imprisonment. Although the petitioner checked the "yes" box in response to the question of whether he had appealed his conviction and sentence, the information which he provided about that appeal pertains to a Petition for Writ of Certiorari--not to a direct appeal. The petitioner also reports that he filed a Motion for Appropriate Relief, however, he did not indicate the dates on which such Motion was filed or denied.

In any event, by the instant Petition, the petitioner raises

several claims for relief, including ones alleging ineffective assistance of counsel and an invalid guilty plea. Nevertheless, it appears to this Court that the instant Petition may not have been timely filed.

To be sure, the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") provides that Petitions such as the instant one be filed within the 1-year period after the underlying conviction and/or sentence has become final. Here, the petitioner's conviction and sentence were obtained and imposed in June 2000, and it is not altogether clear whether he directly appealed those matters. Thus, the petitioner's cases may have become final as early as July 10, 2000, thereby giving him up to and including July 10, 2001 in which to file the instant Petition. Inasmuch as the petitioner did not file this Petition within that time period, it is apparent that the same may be subject to summary dismissal.

However, prior to early 2002, federal district courts routinely dismissed habeas corpus petitions which--like this one --appeared on their faces to be time-barred under the AEDPA. However, in January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). In Hill, the Court held that "when a federal habeas court, prior to trial, perceives a pro se §2254 petition to be untimely and the state has not filed a motion to dismiss based on

the one-year limitations period, the [district] court must warn the prisoner that the case is subject to dismissal pursuant to §2244(d) absent a sufficient explanation . . . ." Consequently, the Court believes it still should give the petitioner an opportunity to demonstrate that the instant Petition was timely filed.

This Court now shall give the petitioner twenty (20) days in which to file a document explaining why this Petition for a Writ of Habeas Corpus should be construed as timely filed. In particular, the petitioner should advise the Court of the dates on which his direct appeal and his Motion for Appropriate Relief were filed and denied, along with any other matters which he believes could impact a determination of the timeliness of the instant federal Petition.

Finally, the Court has noted that the petitioner has filed a Request to Proceed In Forma Pauperis with this action. The accompanying certified copy of his inmate trust account statement reflects that the petitioner has $.04 in his account. Consequently, the petitioner's IFP Request will be granted.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Within twenty (20) days of the date of this Order, the petitioner shall file a document, explaining why the instant Petition for a Writ of Habeas Corpus should be construed as timely filed.

2. The petitioner's IFP Request is **GRANTED**. The Clerk

shall all the petitioner to proceed with this action in forma pauperis.

3. The Clerk shall send a copy of this Order to the petitioner.

**SO ORDERED.**

**Signed: August 15, 2005**

*Graham C. Mullen*
Chief United States District Judge