**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:05CV271-MU-02**

| | | |
|---|---|---|
| **MARK D. HUGHES,** | ) | |
|     **Petitioner,** | ) | |
| | ) | |
|        **v.** | ) | <u>ORDER</u> |
| | ) | |
| **ROY COOPER, Attorney General** | ) | |
|   **of North Carolina,** | ) | |
|     **Respondent.** | ) | |
|   | ) | |

**THIS MATTER** comes before the Court on the petitioner's Petition for a Writ of <u>Habeas Corpus</u>, filed August 8, 2005; on the respondent's Answer, filed September 21, 2005; and on his Motion for Summary Judgment, also filed September 21, 2005. For the reasons stated herein, and for the further reasons stated in the respondent's Supporting Brief, the respondent's Motion for Summary Judgment will be <u>granted</u>; and the petitioner's <u>habeas</u> Petition will be <u>dismissed</u>.

**I.**   <u>**FACTUAL AND PROCEDURAL BACKGROUND**</u>

According to the petitioner's Petition, on June 5, 2000, he pled guilty to a reduced charge of Second Degree Murder in exchange for the State's dismissal of a charge of Assault with a Deadly Weapon with Intent to Kill Inflicting Serious Injury and the prosecutor's recommendation for a presumptive term of incarceration. Accordingly, on that occasion, the Superior Court

of McDowell County accepted the petitioner's guilty plea, noted his conviction for the record and then sentenced the petitioner to a presumptive term of 189 to 236 months imprisonment. The Petition further reflects that the petitioner did <u>not</u> directly appeal his conviction or sentence.

Rather, the Petition reports that at some unspecified point, the petitioner filed a Motion for Appropriate Relief ("MAR" hereafter) in the Superior Court of McDowell County, and that such MAR was denied. Further the Petition reflects that the petitioner subsequently had a second MAR which also was filed and denied at unspecified times.

Consequently, after conducting an initial review of this Petition, on August 15, 2005, the undersigned entered an Order pursuant to <u>Hill v. Braxton</u>, 277 F.3d 701, 706 (4th Cir. 2002), advising the petitioner that it appeared that his Petition had been untimely filed. In sum, the Court's Order directed the petitioner to file a document providing the missing date information, and further providing any other information to explain why his Petition should be construed as timely filed.

To that end, on August 24, 2005, the petitioner filed a four-page letter along with 16 pages of exhibits, little of which purported to establish the timeliness of his federal Petition. Indeed, the majority of the materials which the petitioner submitted were aimed at establishing the petitioner's claims that he was subjected to ineffective assistance of counsel.

Nevertheless, after reviewing those documents, the undersigned entered a second Order. Such second Order was aimed at the respondent, first informing him that it was far from clear whether or not the petitioner actually had timely filed his Petition. Thus, out of an abundance of caution, the Court directed the respondent to file a response to the subject Petition, addressing both the merits of the petitioner's claims, as well as the question of the Petition's timeliness.

Consequently, on September 21, 2005, the respondent filed an Answer to the subject Petition, thereby denying that the petitioner is entitled to any relief. On that date the respondent also filed a Motion for Summary Judgment, seeking the summary dismissal of the petitioner's Petition on the grounds that such Petition was not timely filed or, in the alternative, the Petition contains unexhausted claims which cannot provide a basis for relief in any event.

Not surprisingly, after reviewing the respondent's Answer and Motion, the Court was persuaded that the respondent could be entitled to a judgment as a matter of law. Therefore, on September 22, 2005, the undersigned entered and Order by which the petitioner was directed to file a response to the respondent's Motion for Summary Judgment. By the terms of that Order, the petitioner's response was due in the Court on or before October 21, 2005.

The Court has now reviewed the record of this case and found, notwithstanding the passage of more than six months since the

expiration of his filing deadline, that the petitioner still has not filed any response to the Court's September 2005 Order. Nor has the petitioner sought an extension of time or any other concession in order to be allowed to respond to the respondent's arguments. Thus, this matter is ripe for disposition.

## II. <u>ANALYSIS</u>

_____In April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA, hereafter), effectively amending 28 U.S.C. §2254 by adding the following language:

> A 1-year period of limitation shall apply to an application for a writ of <u>habeas corpus</u> by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:

>> (B) the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>> © the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> Furthermore, the AEDPA provides that the time during which a

properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As has been noted, the petitioner reported that he sustained his Second Degree Murder conviction and sentence on June 5, 2000, and that he did <u>not</u> directly appeal those matters. Thus, based upon the relevant legal precedent, this Court must conclude that the petitioner's conviction and sentence became final no later than June 15, 2000—that is, at the expiration of the brief period during which he could have (but did not) properly file a direct appeal of those matters. <u>See</u> N.C.R.App.P. 4(a) (then providing a 10-day period for filing of a notice of appeal). Ultimately, then, in the absence of any intervening circumstances, the petitioner had up to and including June 15, 2001 in which to file the instant <u>habeas</u> Petition. <u>See</u> <u>Hernandez v. Caldwell</u>, 225 F.3d 439 (4th Cir. 2000) (noting the 1-year limitations period set forth by the AEDPA); <u>and</u> <u>Harris v. Hutchinson</u>, 209 F.3 325, 328 (4th Cir. 2000) (same); <u>see also</u> 28 U.S.C. §2244(d)(1) (noting that the 1-year limitations period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."). Obviously, the petitioner did <u>not</u> file the instant Petition by such June 2001 deadline.

Instead, as the petitioner himself concedes, he let approximately 103 days elapse after his conviction and sentence

became final before he commenced his unsuccessful pursuit of collateral review on September 26, 2000 with the filing of his MAR. However, the petitioner's MAR was denied on January 17, 2001. As the respondent pointed out in his Motion for Summary Judgment, ordinarily, a petitioner would be entitled to have the time which elapses between the denial of an MAR and the filing of a Petition for Certiorari Review tolled. However, in the instant case, the petitioner did <u>not</u> seek <u>certiorari</u> review of the denial of his first MAR.

Rather, the record as gleaned from the petitioner's Petition and the documents supporting the respondent's Motion for Summary Judgment tends to reflect that after the petitioner's MAR was denied in January 2001, he waited more than four years, and then filed a second MAR on March 13, 2005. However, in light of the fact that the petitioner took no formal court action on his case during those intervening years, the March 2005 filing of that second MAR has no impact on this case.

That is, based upon the foregoing information, the Court finds that the petitioner's one-year limitations period began to run no later than June 15, 2000 and continued for 103 days until September 26, 2000, when it was tolled by his filing of an MAR. Then, the petitioner's limitations period resumed running on January 18, 2001--the day after his MAR was denied, and it continued to run until it fully expired some 262 days later on October 7, 2001. Therefore, the petitioner's filing of his second

MAR in March 2005 simply came too late to have a favorable impact on this case. See Minter v. Beck, 230 F.3d 663 (4th Cir. 2000) (the filing of State court motions/petitions cannot breathe new life into a previously expired federal habeas filing deadline).

As was previously noted, the undersigned entered an Order which directed the petitioner to file a response to the respondent's assertion that his Petition, in fact, was untimely filed. Such response also could have addressed the respondent's alternate argument that his Petition also is subject to summary dismissal for his failure to have exhausted his remedies by seeking further review of the denial of his first MAR. Equally critically, the petitioner failed to file any response which could have established that despite the untimeliness of his Petition, the one year limitations period should be equitably tolled to render such document timely filed.

### III.  CONCLUSION

In light of the fact that the respondent has set forth an evidentiary forecast which tends to show that the petitioner's Petition is subject to summary dismissal as untimely filed, and due to the fact that the petitioner has not even attempted to rebut such showing, the respondent's Motion for Summary Judgment must be granted. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir.) (en banc) (equitable tolling allowed in "those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitations period against the party

and gross injustice would result."); see also United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004).

## IV.  ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.   That the respondent's Motion for Summary Judgment is **GRANTED;** and

2.  That the petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED.**

**SO ORDERED.**

Signed: April 25, 2006

Graham C. Mullen
United States District Judge