```
IN THE UNITED STATES DISTRICT COURT
  FOR THE WESTERN DISTRICT OF NORTH CAROLINA
             ASHEVILLE DIVISION
               1:05CV271-MU-02
```

MARK D. HUGHES,                )
    Petitioner,            )
                                      )
        v.                    )        <u>ORDER</u>
                                      )
ROY COOPER, Attorney General   )
  of North Carolina,           )
    Respondent.              )
_____)

**THIS MATTER** comes before the Court on the petitioner's informal request for reconsideration. Upon reconsideration of the dismissal of the petitioner's Petition for a Writ of <u>Habeas Corpus</u>, the Court finds that such dismissal should not be disturbed.

As the Court's Order of April 25, 2006, the petitioner filed a Petition for a Writ of <u>Habeas Corpus</u> on August 8, 2005. By his Petition, the petitioner asserted that he had pled guilty and was convicted of a reduced charge of Second Degree Murder on June 5, 2000 in the Superior Court of McDowell County. On the occasion of his conviction, the petitioner was sentenced to a term of 189 to 236 months imprisonment.

The petitioner's Petition reported that he did not appeal his conviction or sentence. Instead, the petitioner sought collateral review on a Motion for Appropriate Relief at some undisclosed time. The Superior Court of McDowell County denied that Motion, and later

denied a second MAR, which the petitioner had subsequently filed. Again, however, the petitioner neglected to indicate the relevant dates which corresponded to those matters. Thus, after reviewing the Petition, the Court entered an Order pursuant to Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), essentially advising the petitioner that his Petition was subject to dismissal as untimely filed pursuant to the Antiterrorism and Effective Death Penalty Act of 1996. Furthermore, such Order directed the petitioner to file a response, providing the missing information and explaining why his Petition should be construed as timely filed.

Although the petitioner responded to that Hill Order, the Court still was not entirely convinced that his Petition was not time-barred. Therefore, out of an abundance of caution, the Court entered an Order, directing the respondent to respond to the Petition, and to particularly address the issue of timeliness.

On September 21, 2005, the respondent filed his Answer and he filed a Motion for Summary Judgment. By those documents, the respondent argued that the petitioner's Petition, in fact, was time-barred. In the alternative, the respondent argued that the subject claims were unexhausted and, therefore, could not provide a basis for relief. As a result of those arguments, on September 22, 2005, the Court entered an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), directing the petitioner to respond to the respondent's Motion for Summary Judgment by no later than October 21, 2005.

Although the petitioner did timely respond to that Motion, such Response inadvertently was overlooked at the time that the Court was considering its Order of dismissal. Therefore, the petitioner has filed the instant request for reconsideration, seeking consideration of his Response. However, the Court now has reviewed that Response, and determined that it failed to overcome the respondent's evidentiary forecast which tended to show that the petitioner's Petition was, at the very least, time-barred. Therefore, the Court finds that the petitioner was not prejudiced by this oversight, and his request for reconsideration must be <u>denied</u>.

To be sure, as the Court noted in its Order of dismissal, in light of the petitioner's decision not to appeal his June 5, 2000 conviction and sentence, his State court case became final no later than June 15, 2000--that is, at the expiration of the brief period during which he could have (but did not) properly file a direct appeal of those matters. <u>See</u> N.C.R.App.P. 4(a) (then providing a 10-day period for filing of a notice of appeal). Furthermore, in the absence of any intervening circumstances, the petitioner had up to and including June 15, 2001 in which to file the instant <u>habeas</u> Petition. <u>See</u> <u>Hernandez v. Caldwell</u>, 225 F.3d 439 (4th Cir. 2000) (noting the 1-year limitations period set forth by the AEDPA); <u>and</u> <u>Harris v. Hutchinson</u>, 209 F.3 325, 328 (4th Cir. 2000) (same); <u>see also</u> 28 U.S.C. §2244(d)(1) (noting that the 1-year limitations period begins on "the date on which the judgment became final by

the conclusion of direct review or the expiration of the time for seeking such review."). Thus, inasmuch as this Petition was not filed until August 2005, unless the petitioner could establish why it should be construed as timely filed, such Petition was subject to summary dismissal.

In his Response to the Roseboro Order, the petitioner asserts, inter alia, that pro-se pleadings are to be liberally construed; that he did all that he could to exhaust his claims; and that his plea was not knowingly and intelligently made. Such response, however, does not even attempt to rejoin the respondent's argument that the subject Petition simply is time-barred.

Finally, the Court notes that the documents which the petitioner has submitted as attachments to his Response tend to establish–-not contradict–-a conclusion that the petitioner properly was convicted on his guilty plea, and that he actually received the sentence for which he had bargained. Therefore, this request for reconsideration is **DENIED**.

**SO ORDERED.**

Signed: May 22, 2006

Graham C. Mullen
United States District Judge